# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| LARRY JAMES WILLIAMS,<br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant. | No. 3:16-cv-1067 (VAB) |

**RULING ON MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

On June 27, 2016, Larry James Williams ("Plaintiff") filed a petition for a writ of *habeas corpus*, moving to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Mot. to Vacate, Set Aside or Correct Sentence, ECF No. 1.

Because Mr. Williams' motion is an uncertified, successive *habeas corpus* petition, this Court must transfer it to the United States Court of Appeals for the Tenth Circuit (the "Tenth Circuit"), without addressing the merits.

For the reasons set forth below, the Court **DENIES** Plaintiff's motion to vacate, set aside or correct sentence, ECF No. 1, and **DENIES** as moot Plaintiff's remaining motions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In April 2012, Plaintiff pled guilty to one specification of rape of a child, two specifications of aggravated sexual contact with a child, and one specification of forcible sodomy at a General Court-Martial. *Williams v. Ledwith*, 2015 U.S. Dist. LEXIS 131342 at *1, 2015 (D. Kan. 2015), *aff'd*, 671 Fed. Appx. 719 (10th Cir. 2016). Plaintiff appealed his conviction to the Army Court of Criminal Appeals on three grounds: (1) ineffective assistance of counsel; (2) improper judicial conduct of a providence inquiry; and (3) Plaintiff's intellectual incapacity

to confess and purported coercion of his confession by the Criminal Investigative Division (CID). *Id*. at 2.

In January of 2014, the Army Court of Criminal Appeals affirmed Plaintiff's conviction and sentence. *Id*. That court had considered "the entire record, including consideration of the issues personally specified by the appellant." *Id*. In March of 2014, Plaintiff appealed to the Court of Appeals for the Armed Forces ("CAAF"), which denied his petition in April of 2014. *Id*. That same month, Plaintiff petitioned the CAAF for reconsideration, and included three additional motions and new factual claims. *Id*. The CAAF denied Plaintiff's motions and petition for reconsideration. *Id*.

On September 5, 2014, Plaintiff filed a petition for *habeas corpus* under 28 U.S.C. § 2241 in the District of Kansas. *Id.* Plaintiff asserted three claims: (1) ineffective assistance of counsel; (2) error in the providence inquiry and insufficiency of the evidence; and (3) newly-discovered evidence. *Id*. at 6. Plaintiff sought "a retrial or reversal of the charges, release, a declaration that his Army enlistment is invalid, declaratory judgment, an admission of abuse of discretion by the military judge, an investigation of the CID and damages." *Id*. That district court considered both Plaintiff's allegations and an affidavit submitted by the Army Court of Criminal Appeals. *Id*. at 6–7. The court then decided Plaintiff's case on the merits and held "that the military courts gave full and fair consideration to petitioner's claims alleging ineffective assistance of counsel, an inadequate providence inquiry, and insufficient evidence, and that waiver bars petitioner's claim of newly-discovered evidence." *Id*.

On June 27, 2016, Plaintiff filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Mot. to Vacate, Set Aside or Correct Sentence, ECF No. 1. Shortly after

Plaintiff filed this motion, the Tenth Circuit affirmed the denial of Plaintiff's writ of *habeas corpus*. *Williams*, 671 Fed. App'x. at 719.

## II. STANDARD OF REVIEW

A federal prisoner challenging a criminal sentence may do so under 28 U.S.C. § 2255 "where the sentence (1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." *Adams v. United States*, 372 F.3d 132, 134–35 (2d Cir. 2004) ("As amended by the AEDPA, § 2255 now contains a gate-keeping feature that limits a prisoner's ability to file a second or successive § 2255 motion.")

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits a prisoner's ability to file a second or successive § 2255 motion. *Id*. The Act requires a second or successive petition to be certified by a panel of an appropriate court of appeals to contain: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); see also 28 U.S.C. § 2244(b)(3); *Adams*, 372 F.3d at 135.

"The AEDPA does not define a 'second or successive' petition or motion." *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998) (citing *Camarano v. Irvin*, 98 F.3d 44, 45–46 (2d Cir. 1998)). The Second Circuit, however, has repeatedly held that a petition is deemed to be second or successive if a prior petition "raising claims regarding the same conviction or sentence

3

[ ] has been decided on the merits." *Quezada v. Smith*, 624 F.3d 514, 517–18 (2d Cir. 2010) (quoting *Corrao*, 152 F.3d at 191)(Further, "AEDPA requires the permission of a court of appeals to file a second or successive habeas corpus petition in a district court . . . ."); *Camarano*, 98 F.3d at 45–47 (per curium)("Our interpretation of 'second or successive' petitions in § 2244 also finds support in the jurisprudence of claim preclusion . . . . [i.e., as a] "modified res judicata rule." *Citing Felker v. Turpin*, 116 S.Ct. 2333, 2340 (1996)).

### III. DISCUSSION

In ruling on Mr. Williams' motion to vacate his sentence, the Court must address two questions: (1) whether Mr. Williams has filed a similar petition before; and (2) if he has, whether there is a basis for this Court's review of this petition. Based on the answers to these two questions, as discussed below, Mr. Williams' motion must be denied.

On the first question, Mr. Williams' motion is based upon the same evidentiary and procedural issues as his previous *habeas corpus* petition, one denied on the merits by the District of Kansas, and affirmed by the Tenth Circuit. *Compare, e.g.,* Mot. to Vacate, Set Aside or Correct Sentence, ECF No. 1 ("Ground Four: Fraud upon the Court due to CID Misconduct.") with *Williams*, 2015 U.S. Dist. LEXIS 131342 at *1, *aff'd*, 671 Fed. Appx. 719 ("[Ground 3:] whether petitioner had the mental capacity to confess or whether his confession was coerced by the Criminal Investigative Division (CID)."). As a result, any filing here must be considered a second or successive petition. *See Quezada v. Smith*, 624 F.3d at 517–18 (holding that a petition is a second or successive if a prior petition "raising claims regarding the same conviction or sentence [ ] has been decided on the merits").

On the second question, because Mr. Williams' motion must be considered a second or successive petition, there are only limited circumstances under which and where this petition can be reviewed: by "the appropriate courts of appeals panel" and under the two circumstances specified in 28 U.S.C. § 2255(h).[1] This Court, the District of Connecticut, is not a court of appeals panel at all, much less the "appropriate" court for this action and therefore is not the proper venue for this petition. *See* 28 U.S.C. § 2255(h)("A second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . . ."). To the extent that Plaintiff now raises any issues regarding his prior *habeas corpus* petition (*e.g.*, his mental capacity in recent years, the District of Kansas' decision not to transfer the case to the District of Connecticut, or any of the arguments about improper or insufficient evidence), the Tenth Circuit has either ruled on the merits of such claims or, consistent with 28 U.S.C. § 2255(h), retains jurisdiction over such claims. *See id*; *see also Williams*, 2015 U.S. Dist. LEXIS 131342 at *6–7, *aff'd*, 671 Fed. Appx. 719 (deciding and affirming Mr. Williams' claims on the merits).

Mr. Williams does not dispute that his previous *habeas corpus* petition was decided on the merits. Nevertheless, he seeks to have this Court review a decision by the District of Kansas and affirmed by the Tenth Circuit. This Court, however, has no jurisdiction over Mr. Williams' motion. Instead, a panel of the Tenth Circuit must certify that this motion satisfies either one of the two circumstances specified in 28 U.S.C. § 2255(h). *See Torres v. Senkowski*, 316 F.3d 147, 149 ("[T]he authorization requirement is jurisdictional and therefore cannot be waived.").

---

[1] As noted above, these two circumstances are as follows: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)

Accordingly, the Plaintiff's motion must be transferred to the Tenth Circuit under 28 U.S.C. § 1631.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion is **DENIED**, and his remaining motions are **DENIED** as moot.

The Clerk of the Court is respectfully directed to transfer this case to the United States Court of Appeals for the Tenth Circuit, under 28 U.S.C. § 1631.

**SO ORDERED** at Bridgeport, Connecticut, this 21st day of November, 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE